**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-1719**

———————————

GOPAL PYAKUREL; LEKH KUMARI PYAKUREL,

    Petitioners,

    v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————————

Submitted: March 31, 2009        Decided: April 28, 2009

———————————

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Khagendra Gharti-Chhetry, New York, New York, for Petitioners. Gregory G. Katsas, Assistant Attorney General, Ernesto H. Molina, Jr., OFFICE OF IMMIGRATION LITIGATION, Anthony P. Nicastro, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gopal Pyakurel ("Pyakurel") and his wife, Lekh Kumari Pyakurel, natives and citizens of Nepal, petition for review of the Board of Immigration Appeals' ("Board") order affirming the immigration judge's order denying their requests for asylum, withholding of removal, and protection under the Convention Against Torture. Pyakurel is the primary applicant for asylum; the claims of his wife are derivative of his application. See 8 U.S.C. § 1158(b)(3) (2006); 8 C.F.R. § 1208.21(a) (2008). Pyakurel challenges the immigration judge's adverse credibility finding, as affirmed by the Board. For the reasons set forth below, we deny the petition for review.

We will uphold an adverse credibility determination if it is supported by substantial evidence, see Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006), and reverse the Board's decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotations and citations omitted).

Having reviewed the administrative record and the Board's decision, we find that substantial evidence supports the immigration judge's adverse credibility finding, as affirmed by the Board, and the ruling that Pyakurel failed to establish past persecution or a well-founded fear of future persecution as

2

necessary to establish eligibility for asylum. <u>See</u> 8 U.S.C. § 1158(b)(1)(B)(I), (ii) (2006) (providing that the burden of proof is on the alien to establish eligibility for asylum); 8 C.F.R. § 1208.13(a) (2006) (same). Because the record does not compel a different result, we will not disturb the Board's denial of Pyakurel's application for asylum, withholding of removal, and protection under the Convention Against Torture.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>